IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTWION DOWDY, #556395, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00509 |
| ) | Judge Trauger |
| WARDEN VINCENT VANTELL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Antwion Dowdy, a state inmate confined at the Trousdale Turner Correctional Complex (TTCC), has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and has paid the filing fee. (Doc. No. 5.)

The case is before the court for ruling on the plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA).

## I. INITIAL REVIEW

**A. Legal Standard**

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, supra.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### B. Analysis

The plaintiff alleges that on January 23, 2024, while TTCC was on institutional lockdown, Unit Manager Cockrell enlisted him to pass out lunch trays. While delivering these trays to cells DB 202 and 203, both of which had open cell doors, the plaintiff was attacked by three gang-affiliated inmates and stabbed four times. A code was called, and Chief of Security Porter responded. He ordered the gang-member inmates to drop their knives and deployed chemical spray to subdue them. The plaintiff was also sprayed and forced onto the ground. He was subsequently removed to the prison's medical unit and then rushed to an outside hospital for treatment, after which he was placed in segregated confinement for six days. During his time in segregation, he

could not shower or use the phone to contact his family. (Doc. No. 1 at 4.) Based on these facts, the plaintiff claims that his Eighth Amendment rights were violated by "the combination of inadequate staffing and . . . [im]proper supervision during the institutional lockdown," which "caused prison officials not [to] be able to take reasonable measures to protect [him] from assault by other inmates." (*Id.*) He claims that Unit Manager Cockrell was the only prison official on duty in the unit when lunch trays were being distributed on January 23, and that Cockrell was busy passing out trays when the plaintiff was attacked. (*Id.*) The plaintiff sues Cockrell, Chief of Security Porter, Warden Vantell, and the private operator of TTCC, CoreCivic, Inc. (*Id.* at 1.)

An Eighth Amendment violation may occur when prison officials fail to protect one inmate from an attack by other inmates. *See Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) ("Without question, prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners."); *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). In order to state a viable failure-to-protect claim, the plaintiff must show that officials were deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004); *see also Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) ("[A] prison inmate first must show that the failure to protect from risk of harm is objectively 'sufficiently serious,'" and "also must show that prison officials acted with 'deliberate indifference' to inmate health or safety."). To establish deliberate indifference, the plaintiff must show that officials were "subjectively aware of the risk" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 847). For these purposes, "[i]t does not matter whether the risk comes from multiple sources or from one source, and it does not matter whether the prisoner is at risk for reasons personal to him or because all the prisoners face the risk." *Mayoral v. Sheahan*, 245 F.3d 934, 938–39 (7th

3

Cir. 2001) (citing *Farmer*, 511 U.S. at 843–44); *accord Street v. Corr. Corp. of Am.*, 102 F.3d 810, 815 & n.12 (6th Cir. 1996) ("An Eighth Amendment plaintiff might demonstrate that he was subject to a substantial risk of serious harm because he was subject to a specific risk of harm. That plaintiff cannot be *required* to show that he was subject to a specific risk of harm, however."). However, negligence with regard to a risk to prisoner safety "is quite different" than deliberate indifference to the risk. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). An unintended injury resulting from lack of due care for prison conditions does not involve the requisite level of subjective culpability to amount to cruel and unusual punishment, whereas injury resulting from deliberate indifference to inmate safety does. *See id.* at 347–48; *see also Farmer*, 511 U.S. at 837 ("The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'").

Here, the plaintiff does not allege that any defendant was aware that he was at particular risk of being attacked while distributing lunch trays on the January day in question. Nor does he allege that the conditions at that time at TTCC were such that all inmates were known to be at risk of such an attack. An inmate who has suffered actual harm—such as the plaintiff here clearly has, given that he suffered multiple stab wounds—may viably claim an Eighth Amendment violation based on a risk to all inmates because of violent prison conditions in general, *Wilson*, 148 F.3d at 601, **if** he can show "that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past," and that the defendants had reason to know of the risk yet failed to respond reasonably to address it. *Farmer*, 511 U.S. at 842–45 (internal quotation marks omitted).

The Complaint does not allege that defendants Cockrell, Porter, or Vantell were personally involved in any unreasonable response to such a known, substantial risk. Individual prison officials

can only be held liable under Section 1983 if they were personally involved in a violation of federal rights; officials may not be held liable based *solely* on their responsibility to oversee or supervise prison operations or personnel. *See Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 579 (6th Cir. 2020) ("There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.") (citation omitted); *Herndon v. Heyns*, 702 F. App'x 325, 327 (6th Cir. 2017) (affirming judgment for warden after finding that the complaint failed to "allege any personal involvement" or "wrongdoing on [warden's] part"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). Furthermore, for a corporate defendant such as CoreCivic—which is a state actor by virtue of performing the traditional state function of operating a prison, *Street*, 102 F.3d at 814—to be liable under Section 1983, there must be a causal relationship between the execution of a corporate policy or custom and the substantial risk the plaintiff faces. *See, e.g.*, *O'Brien v. Michigan Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014) ("[A]n entity may be liable under § 1983 only if its official policies or customs resulted in injury to the plaintiff. O'Brien made no such allegations in his complaint, and, therefore, failed to state a claim against Corizon.") (internal citation omitted). The Complaint alleges that the cause of the plaintiff's injuries was "the combination of inadequate staffing and . . . [im]proper supervision during the institutional lockdown" on January 23, 2024. (Doc. No. 1 at 4.) It does not explicitly allege that any CoreCivic policy or custom caused TTCC to maintain inadequate levels of staffing and supervision during that day's lockdown.

For the reasons discussed above, the court finds that the Complaint as currently constituted does not state any plausible claim against any named defendant. However, the court in its discretion "can allow a plaintiff to amend his complaint even when the complaint is subject to

5

dismissal under the PLRA." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The court will exercise that discretion in this case and allow the plaintiff an opportunity to amend in order to provide additional factual support for his failure-to-protect claim against the appropriate defendants.

### III. CONCLUSION

As explained above, although the Complaint is subject to dismissal for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915A(b)(1), 42 U.S.C. § 1997e(c)(1), the Court will allow the plaintiff to file an Amended Complaint in response to this order within **30 DAYS** of the entry of the order. The scope of the allowed amendment is limited to the provision of additional facts in support of the plaintiff's failure-to-protect claim.

The Clerk is **DIRECTED** to provide the plaintiff with a form for filing a civil rights complaint (Pro Se Form 14). The plaintiff is cautioned that failure to file an Amended Complaint using the provided form within **30 DAYS** (or to seek an extension of this deadline before it expires), or failure to keep the Court apprised of his current address, will result in the dismissal of this action.

In light of the requirement that the Complaint be amended, the recently filed Motion for Enlargement of time for the defendants to answer the original Complaint (Doc. No. 12) is **DENIED** as moot.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge